1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF KENTUCKY
2          NORTHERN DIVISION AT COVINGTON

3   JOHN ANTONY,
                          Docket No. 2:18-CV-205
4          Plaintiff,     At Covington, Kentucky
                          Wednesday, November 16, 2022
5                         10:36:13 a.m.

6   BUENA VISTA BOOKS, INC., *Via Electronic Recording*

7          Defendant.

8     TRANSCRIPT OF MOTION HEARING PROCEEDINGS BEFORE
         U.S. MAGISTRATE JUDGE CANDACE J. SMITH
9                         – – –

    APPEARANCES:
10
    For the Plaintiff:  THOMAS A. PRUITT
11                       ROULA ALLOUCH
                         Graydon, Head & Ritchey, LLP
12                       2400 Chamber Center Drive
                         Suite 300
13                       Ft. Mitchell, Kentucky  41017
                         (859) 578-2426
14
                         STACY A. COLE
15                       Keating, Muething, Klekamp, PLLC
                         One East Fourth Street
16                       Suite 1400
                         Cincinnati, Ohio  45202
17                       (513) 579-6463

18  For the Defendant:  ROBERT B. CRAIG
                         Taft, Stettinius & Hollister, LLP
19                       50 East RiverCenter Boulevard
                         Suite 850
20                       Covington, Kentucky  41011
                         (859) 331-2838
21
    Transcriber:        SANDRA L. WILDER, RMR, CRR
22                       Official Court Reporter
                         313 John C. Watts Federal Building
23                       330 West Broadway, Suite 327
                         Frankfort, Kentucky  40601
24                       (859) 516-4114

25   (Additional appearance on following page)

1

2

APPEARANCES:   (Cont.)

3

4   For the Defendant:    ERIN JOAN COX
                          Munger, Tolles & Olson, LLP
5                         350 South Grand Avenue
                          50th Floor
6                         Los Angeles, California   90071
                          (213) 683-9100
7
                              - - -
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
            Proceedings recorded by digital recording,
25   transcript produced by transcriber.

```
 1              [Proceedings commenced at 10:36:13 a.m. in
 2   open court]
 3              THE COURT:  Good morning, everyone.
 4              Let's see here.  Madam Clerk, would you call
 5   the case that is set for hearing, please.
 6              She's on this phone up here?
 7              Okay.  All right.  Let's go ahead and get
 8   started on the record.
 9              Madam Clerk, call the case, please.
10              COURTROOM DEPUTY:  Covington Civil 18-205,
11   John Antony versus Buena Vista Books, Inc.
12              THE COURT:  Thank you.
13              Let's have entry of appearances, please.
14              MR. PRUITT:  Good morning, Your Honor.
15   Thomas Pruitt for the plaintiff.  And with me is my
16   colleague Roula Allouch.
17              THE COURT:  Thank you.  Good morning.
18              MR. PRUITT:  Also with me is my former
19   colleague Stacy Cole, who has moved law firms since
20   the current motion was filed.
21              THE COURT:  Okay.
22              MR. PRUITT:  And Mr. Antony is with us as
23   well.
24              THE COURT:  All right.
25              MR. ANTONY:  Good morning.
```

1    THE COURT:  Very well.  Good morning.  Thank
2  you.
3    MR. CRAIG:  Good morning, Your Honor.  Rob
4  Craig for the defendant, and I believe on the phone --
5  and thank you for allowing her to participate by
6  phone -- is my co-counsel -- or the lead counsel in
7  the case Erin Cox.
8    THE COURT:  All right.  Ms. Cox --
9    MS. COX:  Good morning.
10    THE COURT:  -- are you on the phone?
11    MS. COX:  Good morning, Your Honor.  This is
12  Erin Cox from Munger, Tolles & Olson, counsel for
13  Buena Vista Books.
14    THE COURT:  Thank you.  And are you able to
15  hear the proceedings in the courtroom?
16    MS. COX:  As of right now, yes, quite
17  clearly.  Thank you.
18    THE COURT:  Okay.  Good.  Good.
19    And then if you would, Counsel, and
20  Mr. Antony, just keep your voices up and speak into
21  the microphone, and that way Ms. Cox will be able to
22  hear as well.
23    Okay.  So I can't remember the last time I
24  had so many filings on a motion to withdraw.
25    So before we dig into the details of this, I

do like to check in with the parties and see if there

has been any change since the filings were made.

And this started with a motion, I believe, by

you and your office, Mr. Pruitt.  So has there been

any change?

MR. PRUITT:  I would say there have been two

changes, Your Honor.  One I've already mentioned;

Ms. Cole, who's been the lead counsel on this case is

no longer with Graydon.  We're sorry to see her go.

Second, Mr. Antony, since the filing of the

motion, has retained new counsel, Mr. Lowe, Mr. Steve

Lowe in Los Angeles, I believe.

Mr. Lowe has not yet entered an appearance in

the case.  It's our understanding that he's working

with local counsel at this point, and we expect them

to be entering an appearance soon, hopefully.

THE COURT:  Okay.  Let's see here.  So let

me, in furtherance of this then, let me hear from

Mr. Antony directly.

Mr. Antony.

MR. ANTONY:  Good morning, ma'am.

THE COURT:  Good morning.

MR. ANTONY:  What would you like me to say?

THE COURT:  Well, Mr. Pruitt has represented

that in terms of he and his office, the other counsel

who are here today stepping out of the case, that you

have in fact -- at this point in time, there has not

been an entry of appearance that has been entered --

but you have in fact retained other counsel,

substitute counsel.  Is that correct, sir?

MR. ANTONY:  Yes, Your Honor.  I signed an

engagement letter.

THE COURT:  Okay.  All right.  And then --

and this is Attorney Lowe; is that correct?

MR. ANTONY:  Steven Lowe, Your Honor, out of

Los Angeles.  And then I believe co-counsel on that is

Scott Burrows.

THE COURT:  All right.  Thank you.

And then if you know, Mr. Antony, do you have

any idea of the timeline as far as when Mr. Lowe

intends on entering an appearance?

MR. ANTONY:  I do not.  I do not.  I'm

assuming it's --

THE COURT:  Soon?

MR. ANTONY:  Soon.

THE COURT:  Okay.  All right.  Thank you.

You can be seated.  That's fine.

Well, there are a couple of, a couple of, I

guess, nuances to the pending motion.  And as I say,

whether I needed to get into those or not, in large

part, in my view, depended upon whether Mr. Antony was one, in addition to the motion to withdraw actually dis, discharging counsel. If you were discharging the Graydon firm and the attorneys within that firm that had represented you to date because that does have a, a slightly different impact on how the Court would view things, if it is a discharge versus a request for a withdrawal.

And then two, being cognizant of the points that have been raised by Mr. Craig in the filings, and Ms. Cox in the filings with respect to the timeline that is currently in place in the case. All of you know -- and we can, we can spend a lot of time discussing what has led to that consequence, but we have a 2018 case, and so it's just important that it, it keep moving along.

So some concerns have been expressed by the defense about keeping up with the schedule and so forth.

So walking into the courtroom this morning, I wanted to size up whether I was having a conversation with Mr. Antony about discharge of counsel and proceeding pro se in this matter, or if there had in fact been substitute counsel that has, has now been engaged.

1    What I'm hearing is that there has been.
2  Now, that leads to my next question then, which is if,
3  Mr. Pruitt, you and your colleagues were to be
4  permitted to step out of the case, how does that
5  impact the current timeline that is in place?  I think
6  most immediate, Mr. Craig and Ms. Cox have referenced
7  a couple of upcoming depositions in the case.
8    MR. CRAIG:  Yes, yes, Your Honor, there has
9  been some discussion of scheduling as I understand it,
10  and Ms. Allouch can address this.  She'll at least
11  correct me if I'm wrong.
12    THE COURT:  All right.  That's fine.
13    MR. CRAIG:  There is a 30(b)(6) deposition
14  that is currently scheduled for the 28th of this
15  month.  And it is my understanding that Mr. Lowe would
16  very much like to take that deposition, which makes
17  sense to us.
18    There has been discussion of scheduling of a
19  deposition this coming Friday.  That deposition has
20  not been noticed, and it is not our intention to
21  notice that deposition.  I would -- correct?
22    Okay.  That's the 30(b)(6).  Okay.
23    THE COURT:  The 30(b)(6) is this Friday?
24    MS. COX:  It would have been this Friday.
25  Morning, Judge.

1          THE COURT:  Good morning.  That's okay.

2          MS. COX:  So what -- the only correction to

3     what Mr. Pruitt stated is the 30(b)(6) scheduling was

4     discussed for this Friday, the 18th.  The deposition

5     that's scheduled for November 28th is of a third-party

6     witness.  And in conversation with Mr. Lowe earlier

7     this week, I understand that he's available for that

8     deposition and planning to be prepared and be able to

9     take it.

10          THE COURT:  For the deposition on the 28th --

11          MS. COX:  Correct.

12          THE COURT:  -- correct.

13          And that's being taken by you, Mr. Craig, by

14     the defense side?

15          MR. CRAIG:  It's a third-party witness that's

16     been noticed by the defendant, yes, Your Honor.  And

17     this has been on the book for a long time and --

18          THE COURT:  This is the partner?

19          MR. CRAIG:  -- that's the partner of Stan Lee

20     and the 80-year-old, 80-plus that is an important

21     witness to get in the books.

22          THE COURT:  I understand.  I understand.

23          And then is it -- Ms. Allouch, Mr. Pruitt, is

24     it your understanding then that Mr. Lowe is -- am I

25     hearing correctly, he is prepared or is preparing to

1 participate in that deposition on the 28th then?

2          MS. ALLOUCH:  That's correct, judge.

3          THE COURT:  Okay.  All right.  All right.

4          And then so where do things stand with the

5 30(b)(6) witness?

6          MS. ALLOUCH:  That is a deposition where the

7 schedule had been discussed to go forward on this

8 Friday.  There has not been a notice prepared for that

9 deposition.  And we, after speaking to and confirming

10 that there were new counsel engaged in the case, and

11 upon his request that he'd like to be involved and be

12 able to take that deposition, it hasn't been noticed

13 for this Friday, so it's not currently scheduled.

14          THE COURT:  All right.  All right.  Have,

15 have you been or anyone else on the defense side,

16 Mr. Craig, been contacted by Mr. Lowe?

17          MR. CRAIG:  Not that I know of, and I -- I'd

18 like Ms. Cox to be able to respond to the scheduling

19 of the 30(b)(6) and give you a little bit more

20 background to that.  So --

21          THE COURT:  Okay.  That's fine.

22          MR. CRAIG:  -- Erin, if you could.

23          THE COURT:  And, Counsel, you can be seated.

24 That's fine.  Thank you.

25          MS. COX:  Yes.

1       THE COURT:  Ms. Cox, would you like to speak

2  to that?

3       MS. COX:  Certainly.  As for Mr. Lowe, this

4  is the first that we've heard his last name.  I did

5  know it was Stephen, but no last name, so I've not

6  been contacted by him that we first knew his identity.

7       As to the 30(b)(6), this was originally

8  noticed by plaintiffs.  It was set for October 12th.

9  That date -- and they noticed October 12th -- that

10 date was going forward a few days before they filed

11 their motion to withdraw.  They unilaterally canceled

12 that deposition date for October 12th.  I think that

13 they're probably connected.  In (undecipherable)

14 motion was pending, and we're moving forward with

15 deposition.

16      On November 4th, Stacy Cole, who has been

17 with the Graydon firm, confirmed that November 18th

18 could be the rescheduled date for a 30(b)(6)

19 deposition of a marketing witness.  He will address

20 marketing-related topics.  As of this Friday, we've

21 been proceeding with preparations for this marketing

22 witness.

23      And as we explained to plaintiff counsel and

24 also explained in the papers, this witness, he is --

25 he had firsthand involvement in the marketing of these

books, which was started almost ten years ago.  He is
the last person at the company who had firsthand
involvement, and also he is -- after basically
Thanksgiving, he's going to be using, you know, his
saved-up PTO through the end of the year, and when it
becomes the new year, he's not intending on returning
to the company.

So I have explained these circumstances to
both Stacy Cole when she was with the Graydon firm,
and then more recently to Roula Allouch.

I, of course, don't have a lever to force
them to follow through with the confirmed date of this
Friday, but I did want to make it very clear that this
witness with firsthand knowledge and the only one
remaining at the company, this is essentially the last
opportunity to take this 30(b)(6) deposition.

THE COURT:  Why is it the last opportunity?

MS. COX:  For this particular witness, he's a
-- as I explained, that he has the -- he's the only
one that's at the company who had firsthand
involvement in the marketing of the Zodiac books,
which started about ten years ago, and again, starting
in basically Thanksgiving, is using all his saved-up
PTO through the end of the year, and then in the new
year, he will no longer be with the company.

1       THE COURT:  All right.  But, but that does

2 not necessarily mean that he's no longer available,

3 correct?

4       MS. COX:  He would not be a 30(b)(6) witness,

5 though.  He will not be working for the company.

6       THE COURT:  Okay.  All right.  All right.

7       So you are indicating though, Ms. Cox, that

8 the November 18th date -- I understand that there have

9 been discussions and so forth -- but the November 18th

10 date, there has not actually been a re-notice of the

11 deposition; is that correct?

12       MS. COX:  No.  We have an email confirmation

13 from the Graydon firm confirming the November 18th

14 date as of a couple weeks ago.

15       THE COURT:  Okay. All right.  And I'm

16 looking at the schedule here and I see a fact

17 discovery deadline of February 21st, correct?

18       MS. COX:  Yes.

19       THE COURT:  Okay.  All right.  All right.

20 Thank you for that information.  Thank you.

21       Well, so in terms of the deposition

22 scheduling, obviously, on the one hand, it's a good

23 thing that the parties are moving along with the case,

24 and I do certainly want to keep that happening.

25       On the other hand, when presented with a

motion to withdraw by counsel, there are certain
things that the Court looks for.  Mainly, I'm looking
to see if there's going to be substitute counsel
stepping in, or if the party has -- is discharging
their counsel.  If they are discharging their counsel,
in my view -- of course, we have our local rules --
but at the same time, as all of you know, you are also
bound by the Kentucky Rules of Professional
Responsibility, and a client always controls, always
dictates how a matter is going to proceed.  And if the
client, regardless of the motion to withdraw, should
decide that they are terminating that representation
or discharging counsel, there is really very little
that the Court can do about that, other than to speak
with the party in understanding, and Mr. Antony here
is an individual.

        There would be a difference if it was a
corporation.  If Buena Vista -- and, of course, I'm
just making this up -- but if Buena Vista decided they
wanted to discharge their current counsel, they could
certainly do that, but as a corporate entity, they
would not be able to appear pro se.  An individual, of
course, can do that.

        And so first and foremost in my mind, now
that, now that Mr. Antony has signed an engagement

letter with other counsel, I don't think that I can
ignore that.  To me, that is a sign that -- a party
cannot have two lawyers or two different law firms
representing them.  And with an engagement, with an
engagement letter signed, yes, I realize that it may
cause some inconveniences with the current schedule,
but I'm not hearing anything that is significant or
unduly prejudicial in terms of keeping the case on
schedule and getting things accomplished.

I do think with a little further
communication between the parties and Mr. Lowe's
office that is going to be stepping in here, that
these wrinkles can be worked out for purposes of
moving the matter forward.

And so in my view, based on what I'm hearing
this morning, I just don't think there is a need to go
into the circumstances as briefed by the parties of
whether or not good cause needs to be examined,
whether materials should be submitted ex parte or not,
because it really doesn't change that Mr. Antony has
signed an engagement letter at this point.

Now, having said that, though, because
Mr. Lowe has not yet actually entered an appearance in
the case.  While I am inclined to grant the motion to
withdraw, at the same time, I'm not going to at this

point have Mr. Antony without counsel.

So what I would do is, Mr. Antony, do you see any problems or is there something you need to make the Court aware of in terms of Mr. Lowe proceeding to enter an appearance in the case in a timely fashion?

MR. ANTONY:  I don't think there'll be any problems, Your Honor.  Again, you know, once that substitution of counsel is replaced, if that's the procedure, then we should be fine to go forward, I would think.

THE COURT:  Well, the substitution of counsel at this point is -- it -- it's -- by the signing of the engagement letter, he has in fact -- you have retained him.  That's a matter that needs to be taken care of frankly on his end.

So I guess what I'm saying is, right now formally the next deposition that's scheduled in the case is November 28th.

It sounds like Mr. Lowe is preparing for that, getting ready for that, but in order to formally and finally grant the motion and allow Mr. Pruitt and the other -- his other colleagues to withdraw from the matter that are noted as counsel of record for you, I would need to see that entry of appearance by Mr. Lowe.

1    So I would suggest that based upon our
2 hearing this morning, that needs to be communicated to
3 him.  And whatever needs to occur in terms of file
4 transition or any other information that he needs to
5 get up to speed, as well as further communication,
6 there's no, there's no reason to get started on a bad
7 foot, and it sounds like that Mr. Lowe is interested
8 in taking that 30(b)(6) deposition.
9    Ms. Cox has shared there's a limited
10 opportunity to do that because of his schedule, so the
11 sooner the communications take place to get that back
12 on track, the better.  And anything that the Court can
13 do to facilitate that.
14    We do, of course -- and you can share this
15 with Mr. Lowe.  I'm sure he'll see this in the docket
16 as well.  We have a process in place.  If there is a
17 discovery dispute between the parties, they can reach
18 out to my chambers and I'll have a phone conference
19 with counsel about that.  But at this point, I'm just
20 focused on the motion to withdraw.  And as I say, I am
21 inclined to grant that.  I don't think there is a need
22 to explore good cause and so forth, but I, I will not
23 grant that until Mr. Lowe has entered an appearance.
24    And I guess one last point on that front is
25 that some attorneys -- and every court does it

differently.  Nothing like learning several sets of
rules.  I remember those days from private practice,
but our particular local rules do not necessarily
automatically require in order to apply for pro hac
vice to have local counsel.

So if the finalization of the engagement of
Scott Burrows is something that's not as far along as
Mr. Lowe's situation, he can still go ahead and submit
an entry of appearance along with a request for pro
hac vice admission, and you can certainly pass that
along to him.  And then Mr. Burrows can follow up with
that at a later time.

So anyway, those are the thoughts of the
Court, and I am not prepared to grant that today,
though.  I do want to make sure that you have counsel
remaining in the case until Mr. Lowe enters that
appearance.

What about defense counsel here, Mr. Pruitt,
Ms. Allouch, do either of you have any questions about
that?

MR. PRUITT:  I don't think so, Your Honor.

THE COURT:  Okay.  All right.

And then Ms. Cole, normally, we would get
into other circumstances.  You fall under a different
portion of the local rules because you are no longer

with the firm, but that's not going to become an issue
at this point.  I'll basically be permitting everyone
to withdraw once that entry of appearance is
forthcoming.

          And then it does sound like there needs to be
a further communication, sooner rather than later,
with regard to the 30(b)(6) witness and how to work
out all of that.

          But at this point, I don't see any reason
why, why it would be necessary to explore the details
of withdrawal.

          And Mr. Lowe, either from you all,
Mr. Pruitt, or from you directly, Mr. Antony, is he
aware of these circumstances with the business partner
who is going to be offered as a 30(b)(6) witness by
Buena Vista?

          MS. ALLOUCH:  He is Your Honor, he is.

          THE COURT:  All right.  He is.  All right.

          All right.  Well, I think it can be taken
care of then by just some further communication
between counsel.

          Mr. Craig, how about you and Ms. Cox, do you
have -- not entirely what you were requesting in your
response, but I do think that this is the appropriate
action moving forward.

1       And then if there is a problem, if you're not

2 hearing from Mr. Lowe or there is a problem in getting

3 that 30(b)(6) deposition squared away, then certainly,

4 call my chambers and we can have a further discussion

5 about that.

6       MR. CRAIG:  So -- and actually, let me defer

7 to Erin, and then if -- I do have a question, but

8 she'll probably cover it.

9       THE COURT:  Okay.  Ms. Cox.

10       MS. COX:  Surely.  Thank you, Your Honor.

11       Again, I would say to Ms. Allouch for this

12 30(b)(6) witness, the days are essentially at this

13 point Friday.  I can cancel Thanksgiving plans just

14 for travel to make it happen the following Monday,

15 which is the 21st.  The witness is also available that

16 date, and those are essentially the dates that I can

17 confirm that this witness would be available for

18 30(b)(6) purposes.

19       I am happy to hear that the November 28th

20 deposition of the, you know, partner of Stan Lee in

21 his 80s that there's no quarrel about that.  We did

22 notice that one.

23       I, I suppose I otherwise am simply looking

24 for confirmation that the Graydon firm continues --

25 while they are still counsel of record, there's

1 outstanding discovery requests and commitments for

2 them to get information to us and things like that.

3 But those -- you know, that we're still proceeding the

4 pace in the case, even if the 30(b)(6) deposition

5 isn't going forward, that those aren't being held off

6 until Mr. Lowe enters an appearance.

7      THE COURT:  Well, is there a deadline date

8 set for those?

9      MS. COX:  There is request for the past month

10 we've been following up on, and we've been told that

11 they will get back to us, and if it had the feeling

12 that those were being put off, would be thought that

13 they -- this motion to withdraw would be granted.

14 Just in, I guess, looking for an understanding as to

15 whether we're essentially in, you should say, you

16 know, everything is on ice mode until Mr. Lowe enters

17 an appearance or if we can actually expect and -- it

18 isn't like we need to file a motion to compel as to

19 certain pieces of information, which has been told

20 would be given to us or if it's, you know, if we were

21 to do that, the response would be essentially, we'll

22 wait for Mr. Lowe to come in.

23      THE COURT:  All right.  Thank you.  I was

24 going to -- well, I have a question for Mr. Antony,

25 but, Ms. Allouch, go ahead.

MS. ALLOUCH:  Judge, I just wanted to point out that as recent as yesterday, there was a deposition taken that we participated in, appeared on behalf of Mr. Antony, took questions of the witness, so I believe there was a misrepresentation of the actions that have been taking place in the last month or so.

THE COURT:  Okay.  All right.  Thank you.

Well, I really don't see this as -- and I'm not trying to, to dodge the bullet, so to speak, but I just don't think that it's going to be productive for me to get into that kind of micro managing right now. At least what I'm hearing is that you all know I'm not permitting you to withdraw yet.  That is going to be contingent upon Mr. Lowe entering an appearance, and it does seem to me that from a practical standpoint, that if an engagement letter has been signed, there is a transition period going on here because essentially, unless Mr. Antony intends or is requesting to be represented by two firms or lawyers from two different offices, that he is essentially discharging you all. And that's the way I'm looking at it at this point and you're in transition mode right now with the understanding that the next deposition that is formally scheduled that's coming up is on the 28th.  I

think I misspoke a moment ago, and I apologize about that, mixing up the witnesses here as far as the 30(b)(6) and the business partner, the third-party witness.

But in any event, the next formally noticed deposition is on the 28th. And I do expect that it's one thing to have file transition and be continuing on with compiling the information in order to have a smooth, as seamless as possible transition to new counsel. It's another if this is something that's going to go on for a while. That is not my expectation as far as the attorneys from the Graydon office having to continue to represent you, Mr. Antony.

So that's my very long-winded way of saying the sooner that Mr. Lowe enters an appearance, the easier it will be on everyone involved, because rather than the communications taking place, any further communications about deposition scheduling and so forth with the Graydon folks, it sounds like that needs to happen with Mr. Lowe.

And so I would definitely encourage that he has not entered an appearance yet, and that that needs to be done quickly. And then there will just need to be further discussion about the 30(b)(6) scheduling,

and I assume -- I have no reason to doubt that the
Graydon attorneys are going to be facilitating that
transition of information to Mr. Lowe.

I've not heard anything about a conflict of
interest or anything of that nature.  No one is
abandoning you or the project, so I do think it will
all work out.  It's just the dominos have to, to be in
place here, and the next thing is the entry of
appearance then by Mr. Lowe.

So, Mr. Craig, did you say you had a
question, sir?

MR. CRAIG:  Well, I guess more of a
clarification.

I didn't understand from Ms. Allouch whether
Mr. Lowe is saying that he is available on the 28th,
or does he agree that he will be taking or
defending -- well, taking the deposition on the 28th?

I think that it's vitally important, given
the situation with this particular witness, that the
deposition go forward on the 28th.  And that Mr. Lowe,
when he enters his appearance, needs to do it with an
understanding that the parties all understand that
that deposition is going to go forward on the 28th, or
he's going to have to make a showing of good cause to
the Court as to why that notice should be vacated.

But does he understand that the deposition is going to
go forward on the 28th?

THE COURT: Well, that deposition on the 28th
has been formally noticed, correct?

MR. CRAIG: Correct.

THE COURT: And there's been no cancellation
of that. So one way or the other, there is a
deposition on the 28th.

I just explained to them how their motion to
withdraw will be granted, and so I, I would expect
that if I see an entry of appearance, I'll be granting
the motion to withdraw, and Mr. Lowe will be
participating in the deposition on the 28th.

If I don't see an entry of appearance, it
will still be up to the Graydon firm to take care of
that deposition.

MR. CRAIG: Thank you, Your Honor.

THE COURT: Sure. Sure. No, that's fine.
That's fine. I appreciate the clarification.

And let me clarify with you all. Do you have
any questions about that then?

MR. CRAIG: No.

THE COURT: Okay. All right. All right.

All right. Well, I'll be on the look-out for
that entry of appearance then. And as I said, once

that goes on, then I will go ahead and grant that
motion to withdraw.

I think there was a request -- a companion
request for an ex parte hearing.  I don't see any need
for that, at least not at this point.  If, you know,
some other problems come up and there is no entry of
appearance and we need to have a further hearing on
something, then I'm sure that'll come to my attention,
and we'll take care of that.  But otherwise, we'll
proceed in that fashion.

And then as Mr. Lowe is getting on board and
getting scrubbed into everything, if there are any
concerns on either side with discovery or disputes
over discovery, I'll have an informal phone conference
with you all about that and you can call my chambers
to set that up.

All right.  Anything further for today?
Mr. Pruitt, on behalf of the plaintiff?

MR. PRUITT:  No, Your Honor.  I thank you for
your time.

THE COURT:  All right.  Mr. Antony, do you
have any questions, sir, about what it is that we have
done here this morning?

MR. ANTONY:  I think I'm okay, Your Honor.

THE COURT:  Okay.  All right.  Very well.

And it's good that you're not going to be proceeding
pro se.  Frankly, that's why I have these in court and
I require the parties to show up, because I really
couldn't tell from the motion filing if you were going
to have to proceed pro se.  And obviously, this is a
complicated matter and you need to have counsel.

Okay.  All right.  Thank you, sir.

And how about you, Mr. Craig, anything
further for today?

MR. CRAIG:  Not from me.

Ms. Cox, anything else?

THE COURT:  Ms. Cox, anything further?

MS. COX:  No.  Thank you, Your Honor.

THE COURT:  Thank you very much.  I
appreciate everyone's time, and especially the early
morning hours on your end, Ms. Cox.  Thank you very
much.  This matter is completed.

MS. COX:  Thank you.

MR. CRAIG:  Thank you, Your Honor.

MR. PRUITT:  Thank you, Your Honor.

*[END OF PROCEEDINGS - 11:08:21 a.m.]*

\* \* \* \* \*

1        I,  Sandra L. Wilder, do hereby certify that

2    the foregoing is a true, correct and complete

3    transcript of the digitally-recorded proceedings in

4    this matter, recorded on November 16, 2022, and

5    transcribed from the digital recording, to the best of

6    my ability to hear said recording, and that said

7    transcript has been compared with the digital

8    recording.

9

10                   /s/ Sandra L. Wilder

11                   SANDRA L. WILDER, RMR, CRR,

12                   COURT REPORTER        Date:  12/13/2022

13

14

15

16

17

18

19

20

21

22

23

24

25