# EXHIBIT 208

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| JOHN ANTONY, ) | |
| ) | Civil Action No. 2:18-cv-00205-DLB-CJS |
| Plaintiff, ) | |
| ) | Judge David L. Bunning |
| v. ) | |
| ) | Magistrate Judge Candace J. Smith |
| BUENA VISTA BOOKS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Buena Vista Books, Inc. ("Defendant" or "Buena Vista") hereby responds and objects to Plaintiff John Antony's First Set of Interrogatories as follows:

### PREFATORY STATEMENT

1. By responding to Plaintiff's First Set of Interrogatories, Buena Vista does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents sought by Plaintiff or provided in response to an Interrogatory; (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Interrogatories.

2. Buena Vista's responses are based on information reasonably available to Buena Vista as of the date of these responses. Buena Vista's investigation is continuing and ongoing. Subject to and without waiving any of its objections set forth herein, Buena Vista reserves the right to alter or to supplement these responses as additional information becomes known to it, but

1



undertakes no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each and every response to each and every specific Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1.      Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it attempts to impose obligations inconsistent with or in addition to those required by the Federal Rules of Civil Procedure, the Local Rules or Orders of this Court, or any other applicable authority.

2.      Buena Vista objects to each and every Interrogatory, definition, and instruction as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it is not reasonably limited in scope, or seeks information neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that compliance would force Buena Vista to incur a substantial expense that outweighs any likely benefit of the discovery.

3.      Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it lacks a reasonable time limitation, including but not limited to, because it poses an undue burden on Buena Vista. To the extent Buena Vista agrees to produce information in response to a specific Interrogatory, it will do so on a timeframe that is reasonable, taking into account the nature and scope of the individual Interrogatory and what is proportional to the needs of the case. Unless otherwise specified—as Buena Vista has, for example, with respect to the Interrogatories seeking financial information—Buena Vista limits its production to the timeframe of January 1, 2013 to December 17, 2018 (the "Relevant Timeframe").

4. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, or immunity, protection, or doctrine. Buena Vista claims such privileges and protections to the extent implicated by each Interrogatory, and excludes privileged and protected information from its responses. The production of any privileged information or document by Buena Vista is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege.

5. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion. Any response by Buena Vista shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiff's Interrogatories, definitions, or instructions.

6. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information or documents already in the possession of or more readily available to Plaintiff, that are equally available to Plaintiff as they are to Buena Vista, or that could be derived or ascertained by Plaintiff with substantially the same effort that would be required of Buena Vista.

7. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information or documents not within Buena Vista's possession, custody, or control.

8. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it is unreasonably cumulative or duplicative.

9. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it seeks any confidential, proprietary, competitively sensitive, trade secret information, financial information, or any other information or documents that Buena Vista is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties.

10. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it contains subparts or a compound, conjunctive, or disjunctive request.

11. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it calls for Buena Vista to form and then render an expert opinion.

12. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it is argumentative.

13. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it is speculative, lacks foundation, or contains characterizations, definitions, or assumptions. Nothing contained in or absent from Buena Vista's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, or assumptions are correct or accurate.

14. Buena Vista objects to each and every Interrogatory, definition, and instruction to the extent that it purports to require Buena Vista to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, that do not already exist.

15. Buena Vista objects to each and every Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it calls for the production of "all" documents and/or communications concerning a subject matter, without

regard to whether the documents are likely to be privileged, duplicative, and/or have any (or minimal) connection to the claims or defenses at issue in this case.

16. Buena Vista objects to each and every Interrogatory to the extent it seeks discovery of documents or electronically stored information from sources that are not reasonably accessible in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. To the extent that any Interrogatory requires the identification or production of email currently in electronic form, or any other electronic communications or electronically stored information, and Buena Vista agrees to conduct a search of media reasonably likely to contain the same, Buena Vista will search readily accessible email or other electronic media in relation to individual custodians or other sources likely to have responsive documents. Buena Vista will not search emails that are inaccessible or that are overly burdensome to restore and/or search (e.g., disaster recovery tapes), or other media containing electronically stored information that are inaccessible or unduly burdensome to search.

## **OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS**

1. Buena Vista's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiff seeks to impose.

2. Buena Vista objects to the defined terms "Defendant" and "Buena Vista Books, Inc." and to each and every Interrogatory containing those terms, on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that this term purports to obligate Buena Vista to search across the hundreds of entities affiliated with Buena Vista. Buena Vista will conduct a reasonable search taking into account the nature and scope of the individual Interrogatory and what is proportional to the needs of the case. Unless otherwise specified—for example, in response to the Interrogatories for financial information—

5

to the extent Buena Vista's responses and objections use the terms "Defendant" or "Buena Vista Books, Inc.," these terms shall refer only to Buena Vista Books, Inc. and not information that relates to its present and former officers, directors, partners, consultants, employees, agents, representatives, counsel, its past and present subsidiaries, or all persons and entities acting or purporting to act under its control or on its behalf.

3. According to Plaintiff's definition, the term "Defendant's Work" would encompass "all" works "containing the same characters or relating to the same storyline" created by anyone, whether or not related in any way to Buena Vista. Buena Vista objects to the defined term "Defendant's Work" and to each and every Interrogatory containing that term, on the ground that it is vague and ambiguous to the extent that it purports to include any novel, publication, or work besides *The Zodiac Legacy* novels *Convergence*, *Dragon's Return*, and *Balance of Power*; the e-books *The Vanguard Archives* and *The Zodiac Archives*; and the comic books *Tiger Island*, *Power Lines*, and *The Age of Bronze*. Thus, to the extent Buena Vista's responses and objections use the term "Defendant's Work," it shall refer only to *Convergence*, *Dragon's Return*, *Balance of Power*, *The Vanguard Archives*, *The Zodiac Archives*, *Tiger Island*, *Power Lines*, and *The Age of Bronze*.

4. Buena Vista objects to the defined term "document" and to each and every Interrogatory containing those terms, to the extent the definition seeks to impose an obligation beyond Federal Rule of Civil Procedure 34(a). Buena Vista will construe those terms in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court.

5. Buena Vista objects to the defined term "communication" and to each and every Interrogatory containing those terms, on the ground that it is vague, ambiguous, overly broad,

unduly burdensome, and not proportional to the needs of this case to the extent that this term purports to impose an obligation beyond Federal Rule of Civil Procedure 34(a) and to the extent this term is duplicative and cumulative of the defined term "document." Buena Vista will construe this term in accordance with the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court.

6. Buena Vista objects to the defined term "relating to" and to each and every Interrogatory containing that term, on the ground that it is vague, ambiguous, overly broad, and unduly burdensome, and to the extent it requires Buena Vista to speculate as to whether documents "relate" to the topic specified. Buena Vista will construe this term in accordance with its plain English meaning.

7. Buena Vista objects to the defined term "person" and to each and every Interrogatory containing those terms, on the ground that it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. Buena Vista will construe this term in accordance with its plain English meaning.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who have knowledge or information regarding the allegations in the Complaint, as amended, and the admissions, denials and affirmative defenses stated in Defendant's Answer.

**RESPONSE TO INTERROGATORY NO. 1:**

Buena Vista incorporates its Prefatory Statement, General Objections, and Objections to Plaintiff's Definitions and Instructions. Buena Vista further objects to this Interrogatory as premature as discovery is ongoing. Buena Vista further objects to this Interrogatory on the

**INTERROGATORY NO. 19:**

For each year since the creation of Defendant's Work, state the revenues received, expenses incurred, and profits realized in connection with Defendant's Work.

**RESPONSE TO INTERROGATORY NO. 19:**

Buena Vista incorporates its Prefatory Statement, General Objections, and Objections to Plaintiff's Definitions and Instructions. Buena Vista further objects to this Interrogatory as seeking highly-sensitive confidential business information. Buena Vista further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and not relevant to any party's claims or defenses to the extent it seeks information regarding revenues, expenses, and profits pre-dating December 17, 2015. Buena Vista further objects that this Interrogatory calls for a legal conclusion, is premature, and the subject of expert testimony.

Subject to and without waiving the foregoing objections, and subject to entry of an appropriate protective order, Buena Vista responds as follows: Buena Vista directs Plaintiff to BV-00016644, which is a document showing the revenues received, and costs and expenses incurred (excluding overhead costs), in connection with Defendant's Work.

Buena Vista's investigation is ongoing, and Buena Vista reserves the right to supplement this response, including with respect to identification of overhead costs allocable to Defendant's Works.

**INTERROGATORY NO. 20:**

For each year since its creation, state the revenues received, expenses incurred, and profits realized in connection with *The Zodiac Legacy: Convergence* print and digital publications.

**RESPONSE TO INTERROGATORY NO. 20:**

Buena Vista incorporates its Prefatory Statement, General Objections, and Objections to Plaintiff's Definitions and Instructions. Buena Vista further objects to this Interrogatory as seeking highly-sensitive confidential business information. Buena Vista further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and not relevant to any party's claims or defenses to the extent it seeks information regarding revenues, expenses, and profits pre-dating December 17, 2015. Buena Vista further objects that this Interrogatory calls for a legal conclusion, is premature, and the subject of expert testimony. Buena Vista further objects that this Interrogatory is duplicative of Interrogatory No. 19.

Subject to and without waiving the foregoing objections, and subject to entry of an appropriate protective order, Buena Vista responds as follows: Buena Vista directs Plaintiff to BV-00016644, which is a document showing the revenues received, and costs and expenses incurred (excluding overhead costs), in connection with *The Zodiac Legacy: Convergence*.

Buena Vista's investigation is ongoing, and Buena Vista reserves the right to supplement this response, including with respect to identification of overhead costs allocable to Defendant's Works.

Respectfully submitted,
By: _____ /s/ Robert B. Craig_____

ROBERT B. CRAIG (15590)
TAFT STETTINIUS & HOLLISTER, LLP
50 East Rivercenter Blvd., Suite 850
Covington, KY 41011
Tel: (859) 547-4300; craigr@taftlaw.com

GLENN D. POMERANTZ (*admitted pro hac vice*)
ERIN J. COX (*admitted pro hac vice*)
USHA C. VANCE (*admitted pro hac vice*)
SHANNON AMINIRAD (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100; glenn.pomerantz@mto.com,
 erin.cox@mto.com, usha.vance@mto.com,
shannon.aminirad@mto.com

*Counsel for Defendant Buena Vista Books, Inc.*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 350 South Grand Avenue, Fiftieth Floor, Los Angeles, CA 90071-3426.

On **December 6, 2022**, I served true copies of the following document(s) described as:

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

on the interested parties in this action as follows:

| | |
|---|---|
| Thomas A. Prewitt<br>Michael A. Roberts<br>Roula Allouch<br>Kristine M. Maher<br>**GRAYDON HEAD & RITCHEY LLP**<br>2400 Chamber Center Dr.<br>Suite 300<br>Ft. Mitchell, Kentucky 41017<br>Phone: (513) 629-2838<br>Fax: (513) 333-4358 | *Attorneys for Plaintiff*<br><br>Email: tprewitt@graydon.law<br>mroberts@graydon.law<br>rallouch@graydon.law<br>kmaher@graydon.law |
| Stacy A. Cole<br>**KEATING MUETHING & KLEKAMP PLL**<br>One East Fourth Street<br>Suite 1400<br>Cincinnati, OH 45202<br>Phone: (513) 579-6400 | *Attorneys for Plaintiff*<br><br>Email: scole@kmklaw.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the documents to be sent from e-mail address *shannon.aminirad@mto.com* to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **December 6, 2022**, at Los Angeles, California.

                                           */s/ Shannon Aminirad*
                                           Shannon Aminirad