**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | | |
|---|---|---|
| JOHN ANTONY, | ) | Case No: 2:18-cv-00205-DLB-CJS |
| | : | |
| Plaintiff, | ) | Judge David L. Bunning |
| | : | |
| vs. | ) | Magistrate Judge Candace J. Smith |
| | : | |
| BUENA VISTA BOOKS, INC. | ) | |
| | : | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF JOHN ANTONY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PROFFERED EXPERT CEDAR BOSCHAN**

Defendant Buena Vista Books, Inc. ("Buena Vista" or "Defendant") respectfully submits this response in opposition to Plaintiff John Antony's Motion for Extension of Time to Respond to Defendant's Motion to Exclude Testimony of Proffered Expert Cedar Boschan. (R. 144.) Plaintiff's deadline to respond to Buena Vista's Motion to Exclude Testimony of Proffered Expert Cedar Boschan ("*Daubert* Motion") (R. 129) is tomorrow, October 24, 2023. This deadline has been in place since March 2023 (R. 104), and Plaintiff expressly agreed to abide by it in a stipulation filed three weeks ago, in exchange for Buena Vista's agreement not to oppose an extension of Plaintiff's deadline to respond to its motion for summary judgment. (R. 137 ¶ 7; *see* Decl. of Usha C. Vance ("Vance Decl."), Ex. A.) The Court granted Plaintiff the extension of his summary judgment response deadline on October 10, 2023. (R. 141.) Notwithstanding the premise of Buena Vista's agreement to the extension of Plaintiff's summary judgment response deadline, just 10 days later, Plaintiff filed this last-minute request for an extension of his *Daubert* Motion response deadline as well. Plaintiff's motion violates the agreement between the parties, undermines the basis for the Court's October 10 order (R. 137; R. 141), is

1

prejudicial to Buena Vista, and fails to demonstrate good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. The Court should deny Plaintiff's motion.

**I.     Plaintiff's Motion Violates the Parties' Agreement on the Briefing Schedule, Undermines the Premise of the Court's Latest Scheduling Order, and Prejudices Buena Vista.**

This Court set the schedule for briefing summary judgment and *Daubert* motions in an amended scheduling order on March 8, 2023. (R. 104.) In reliance on the Court's order, Buena Vista filed its *Daubert* Motion and motion for summary judgment (R. 130) on September 28, 2023—just three weeks after the close of discovery and the date of the final depositions in this case (*see* R. 104). At that time, Plaintiff's deadline to respond to both motions was October 24, 2023. (*See id.*; R. 137.)

Only after Buena Vista raced to meet its own deadlines did Plaintiff's counsel first raise their purported scheduling conflicts—deadlines in other cases and an international vacation—and seek Buena Vista's agreement to alter the briefing schedule in this case. (*See* R. 137; *see* Vance Decl., Ex. A.) Buena Vista generously consented to "an extension of the deadline [for Plaintiff] to respond and reply to the Motion for Summary Judgment," but "conditioned" its consent "upon no extension being granted for responding to the *Daubert* motion." (R. 137 ¶ 7; *see* Vance Decl., Ex. A.) Buena Vista was clear that its counsel had crafted their schedules around the deadlines which had been in place for six months, and that they could not agree to any extension of the briefing schedule of the *Daubert* Motion. In exchange for Buena Vista's permission to file an unopposed motion for an extension on Plaintiff's summary judgment response, Plaintiff accepted these terms; the unopposed motion noted that the agreement was expressly conditioned on no additional time being granted to respond to the *Daubert* Motion. (R. 137.) The Court granted this extension on Plaintiff's summary judgment response on October 10, 2023. (R. 141.)

Fast forward to Friday, October 20, 2023, just four days before Plaintiff's deadline to respond to Buena Vista's *Daubert* Motion, when Plaintiff moved for an additional week to file his response, claiming that since his last unopposed motion extending his summary judgment response deadline (the one that was expressly conditioned on no extension being granted on the *Daubert* briefing) "circumstances have materially changed that requires [*sic*] additional time to address." (R. 144 ¶ 7.) The only purported changed circumstances are counsel Joel Rothman's hitherto-undisclosed participation in "the US Inventor conference until October 21, and the Digital Media Licensing Conference from October 22-24." (*Id.* ¶ 6; *compare* R. 137 ¶ 6 (not identifying said conferences as grounds for an extension).) Plaintiff's motion does not state when Mr. Rothman signed up to participate in these voluntary conferences—*i.e.*, whether he has long known of his scheduling conflict, and nevertheless agreed to the terms reflected in Plaintiff's previous unopposed motion for an extension, or whether he only recently signed up, in full knowledge that participation may inconvenience him and his ability to carry out his responsibilities in this case. Nor does Plaintiff's motion explain why Mr. Rothman cannot work on a response to Buena Vista's *Daubert* Motion while attending these conferences. The latter omission is particularly notable given that Mr. Rothman's colleague, Craig Wirth, is available to prepare a response while Mr. Rothman is away at his conferences. (*See* R. 137 ¶ 5.)

Plaintiff's proffered justification for his last-minute extension request cannot satisfy Rule 16(b)(4)'s good cause requirement. Deadlines set by the Court's amended scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[G]ood cause is measured by the movant's diligence in attempting to meet the case management order's requirements." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (internal quotation marks omitted) (holding that a scheduling order may be modified "only 'if it cannot

3

reasonably be met despite the diligence of the party seeking the extension'"). "[I]n addition to Rule 16's explicit 'good cause' requirement," courts must also consider "the potential prejudice to the nonmovant." *Id.* at 909; *see Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (describing prejudice as a "relevant consideration," as opposed to the "primary measure" of good cause). "The main focus" however, "should remain on the moving party's exercise of diligence." *Todd v. Hyster-Yale Group, Inc.*, 2019 WL 1938792, at *2 (E.D. Ky. May 1, 2019).

Here, Plaintiff's counsel's decision to fill his schedule with voluntary travel and conferences, rather than make time to comply with a longstanding Court-ordered deadline, is the opposite of diligent behavior. Such "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Metro Produce Distrib., Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D. Minn. 2007). Courts have not hesitated to deny motions to extend that are based on counsel's "busy calendar," including "personal engagements" that "have presumably been planned for some time" or "the time demands of other cases" that counsel failed to "balance . . . with the demands of the case at bar." *Todd*, 2019 WL 1938792, at *4; *see also Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (finding no good cause for extension where party had had ample time to complete its responsibilities); *cf. Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989) (finding lack of excusable neglect since counsel's scheduling conflict indicated "a serious lack of diligence and inattention to the everyday detail of the practice of law").

Additionally, Plaintiff's maneuvering is unfair and prejudicial to Buena Vista. *First,* while Buena Vista has made every effort to hew to the schedule in this case, Plaintiff has done just the opposite. Plaintiff's counsel, in full knowledge of the relevant response deadlines for both the summary judgment and *Daubert* motions, chose to make international travel and

conference plans during the very window when he should have been preparing Plaintiff's response briefs. Plaintiff's requested extensions create conflicts with longstanding travel plans by Defendant's counsel, which were crafted with the Court-ordered schedule in mind.

*Second,* Plaintiff moved for an extension based on his counsel's attendance at these voluntary conferences just four days before his deadline, rather than during the parties' negotiations over an extended briefing schedule earlier this month. This threatens to eviscerate the bargain that Plaintiff struck with Buena Vista in exchange for the opportunity to move unopposed for an extension to his summary judgment response deadline. If Plaintiff now receives an extension of his *Daubert* response deadline, then Buena Vista will have forgone for nothing its right to oppose Plaintiff's previous motion. *Cf. Todd*, 2019 WL 1938792, at *4 (rejecting motion to modify scheduling order where "counsel for the Plaintiff admits that he agreed to these deadlines when the parties had their Rule 26(f) scheduling conference" and then sought "to withdraw his agreement to those deadlines" (emphasis omitted)).

*Third,* Plaintiff purports to eliminate any prejudice to Buena Vista by proposing that Buena Vista receive extra time to file its reply brief (*see* R. 144)—but the net impact of this approach would be to delay even further the Court's resolution of Buena Vista's *Daubert* motion, and would still interfere with domestic and international travel plans that Buena Vista's counsel arranged around the established schedule in this case. (*See* Vance Decl. ¶ 3.)

*Fourth,* Plaintiff's dilatory behavior has another pernicious effect: Unless (as Buena Vista is now doing) Buena Vista expedites its response to his motion, his motion will not be ripe for the Court's review until *after* his deadline to respond to Buena Vista's *Daubert* Motion has expired. Over the course of this case, Plaintiff has repeatedly filed such motions at the last minute to create scheduling uncertainty and pressure Buena Vista to agree to extensions that are

5

not otherwise supported by good cause.[1] Plaintiff's deadline for responding to Buena Vista's *Daubert* Motion is tomorrow, October 24, 2023—as it has been for the past seven months. But for Buena Vista's decision to file this response brief on the next business day, Plaintiff's extension motion would not even be ripe until well after his response deadline expired. Here, Plaintiff's counsel recognized in email correspondence that they must abide by the October 24 deadline for Plaintiff's response to Buena Vista's *Daubert* Motion unless the Court orders otherwise. (Vance Decl., Ex. A.) This is, of course, consistent with Rule 16(b)(4) and the Local Rules. Fed. R. Civ. P. 16(b)(4); L.R. 7(b). If Plaintiff chooses not to meet that binding deadline, he will be gambling that the Court will grant him a reprieve from his own carelessness after the fact. The Court should not reward such conduct, especially when it prejudices Buena Vista.

## II.   Conclusion

Buena Vista respectfully requests that the Court deny Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Exclude Testimony of Proffered Expert Cedar

---

[1] This strategy has become especially pronounced since Plaintiff's current counsel joined the case. For example, Plaintiff approached Buena Vista for an extension of the deadline to serve opening expert reports the Friday before the reports were due; Buena Vista agreed in order to avoid uncertainty around when it would serve its own expert report, which had already been finalized. (*See* R. 115; R. 117 at 5 (documenting the circumstances of Plaintiff's request and Buena Vista's agreement); R. 132-6 (expert report signed as of original deadline).) Plaintiff made another last-minute request when seeking an extension of the expert rebuttal deadline. (*See* R. 120 (documenting Plaintiff's request for an extension on the date of his deadline and filing of a motion after the deadline expired).)

After the close of expert discovery, in a last-ditch attempt to avoid the work associated with summary judgment and *Daubert* motions, Plaintiff sought to compel alternative dispute resolution and to vacate the longstanding deadline for filing such motions. (*See* R. 123.) As Buena Vista pointed out in response, Plaintiff filed his motion so late that it would not become ripe until just one week before the deadline, at which point Buena Vista would already have largely completed its own briefing. (*See* R. 125.) Then, after Buena Vista filed its motion for summary judgment and *Daubert* Motion, Plaintiff again sought to alter the briefing schedule to his benefit, starting with the extension to his summary judgment response deadline, which was contingent on no extension being granted for his response to Buena Vista's *Daubert* Motion. (*See* R. 137; R. 141.)

Boschan and leave in place the October 24, 2023 deadline set by the Court's March 8, 2023 scheduling order.

Respectfully submitted,

/s/ *Robert B. Craig*
Robert B. Craig

Robert B. Craig (15590)
TAFT STETTINIUS & HOLLISTER, LLP
50 East Rivercenter Blvd., Suite 850
Covington, KY 41011
Tel: (859) 547-4300; craigr@taftlaw.com

Glenn D. Pomerantz (*pro hac vice*)
Erin J. Cox (*pro hac vice*)
Usha C. Vance (*pro hac vice*)
Shannon Aminirad (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100; glenn.pomerantz@mto.com, erin.cox@mto.com, usha.vance@mto.com; shannon.aminirad@mto.com

*Counsel for Defendant Buena Vista Books, Inc.*